UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION

In Re:                                                          Case No:  12-08796-swd
                                                                Chapter 7
Suzanne B. Smith,                                               Hon. Scott W. Dales
                                                                Filed:  10/02/2012
        Debtor
_____/

## DEBTOR'S OBJECTION TO MOTION FOR AUTHORITY TO SELL THE ESTATE'S INTEREST IN RECEIVABLE DUE UNDER JUDGEMENT OF DIVORCE

     NOW COMES the Debtor, Suzanne B. Smith, by and through her attorney Roger J. Bus, and hereby Objects to the Motion for Authority to Sell the Estate's Interest in Receivable Due Under the Judgment of Divorce for the following reasons:

     1.  That the Debtor agrees to paragraphs 1 through 3.

     2.  That the Debtor does not believe Kenneth Lee Smith under paragraph 4A of the Motion will pay her $9,000.00 in ongoing monthly payments pursuant to the terms of the Judgment of Divorce.

     3.  That the Debtor has not received full payments from Kenneth Lee Smith for the last two years and she does not believe Mr. Smith will make payments pursuant to paragraph 4, subsection A of the Motion.

     4.  That it is unfair to the Debtor for the Trustee to reach a settlement with Mr. Smith for a lower total settlement amount on her Divorce Judgment when the Debtor believes she will not fully receive her exempt amount in the bankruptcy estate from Mr. Smith at any time in the future.

     5.  That the Debtor would indicate that any settlement with the Trustee should include a $9,000.00 payment from the Trustee directly to the Debtor as part of the bankruptcy settlement to ensure that payments will be made as promised.

1

6. That as of March 29, 2013, the Debtor believes her ex-spouse, Kenneth Lee Smith, currently is in Florida.

7. That the Debtor has no financial resources to pursue Kenneth Lee Smith or to make sure that her interest in the bankruptcy estate which she has exempted will in fact be ever turned over to her.

8. That the Debtor does not believe this Motion is in the best interest of the estate and its creditors, or to the Debtor, in that the Debtor does not believe Kenneth Lee Smith intends to pay to her directly the amount listed in the Motion.

9. That the Debtor believes Kenneth Lee Smith is in fact fully employed, owns a house with lake access in Vicksburg, Michigan and is able to pay the Trustee directly in cash for any settlement amount. The Debtor's exemption then could be paid back to the Debtor through the Trustee.

10. That the Debtor believes Kenneth Lee Smith is using this settlement to his advantage and that he will end up not paying timely to the Debtor what is owed to her pursuant to the Divorce Decree, but then will owe less in total. The Debtor does not have the resources to sue Mr. Smith for enforcement of the payment amount listed in the Motion and the Trustee's Motion does not indicate he will enforce this provision.

WHEREFORE, the Debtor objects to the Trustee's request for the Court entering an Order confirming sale of the property as the Debtor does not believe she will ever receive the exempted amount of $9,000.00 that she has rightfully claimed in her bankruptcy case.

Dated: April 1, 2013                                    /s/ Roger J. Bus
                                                        Roger J. Bus (P30736)
                                                        Attorney for Debtor
                                                        903 E. Cork Street
                                                        Kalamazoo, MI 49001
                                                        (269) 342-1116